BROWN GAVALAS & FROMM LLP
Attorneys for Plaintiff
TRANSMARINE BSS LIMITED
355 Lexington Avenue
New York, New York 10017
212-983-8500



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TRANSMARINE BSS LIMITED,

          Plaintiff,

  -against-

LIBERTY HOUSE UK PLC,

          Defendant.
------------------------------------------------------------------X

08-Civ.

**VERIFIED COMPLAINT**

    Plaintiff, TRANSMARINE BSS LIMITED ("Plaintiff"), by its attorneys, Brown Gavalas & Fromm LLP, as and for its Verified Complaint against defendant LIBERTY HOUSE UK PLC ("Defendant"), alleges upon information and belief as follows:

    1.    This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has jurisdiction under 28 U.S.C. § 1333.

    2.    At all material times, Plaintiff was and now is a foreign corporation organized and existing under and by virtue of the laws of the United Kingdom with an office and place of business at 19 Kathleen Road, London SW11 2JR, United Kingdom.

    3.    Upon information and belief, at all material times Defendant was and still is a foreign corporation organized and existing under and by virtue of the laws of the United Kingdom, with an office and place of business at Amadeus House, Floral Street, London WC2E 9DP, United Kingdom.

4. At all material times, Plaintiff was the disponent owner of the motor vessel ALEXANDROS S ("the Vessel").

5. On or about April 19, 2006, Plaintiff, as disponent owner, and Defendant, as charterer, entered into a voyage charter agreement whereby Plaintiff agreed to let, and Defendant agreed to hire, the Vessel to transport a cargo of steel rods ("the Cargo"), under certain terms and conditions, from Odessa, Ukraine to Freetown Seaport, Sierra Leone and Monrovia, Liberia ("the Charterparty"). A recapitulation of the terms of the Charterparty is annexed hereto as Exhibit "A".

6. On or about May 5, 2006, Plaintiff issued several bills of lading with respect to the Cargo transported aboard the Vessel. These bills of lading named Defendant as the shipper of the Cargo.

7. The Vessel sailed from Odessa and arrived at Freeport on or before May 24, 2006. At Freeport, the Master of the Vessel tendered Notice of Readiness to discharge at 3:45 a.m. on May 24, 2006. The Vessel completed discharge at 3:00 p.m. on May 27, 2006.

8. At Monrovia, the Master of the Vessel tendered Notice of Readiness to discharge at 8:19 p.m. on May 28, 2006. The Vessel completed discharge at 9:45 p.m. on June 10, 2006.

9. Pursuant to the terms of the Charterparty, Defendant was entitled to laytime of twenty-four hours per 800 metric tons of Cargo for discharge. Defendant discharged 4,293.390 metric tons of cargo and was therefore entitled to laytime of 5.36674 days for discharge. However, Defendant exceeded its allowable laytime and, consequently, owes Plaintiff demurrage for 9.40687 days.

10. The Charterparty specifies a demurrage rate of $8,000.00 per day. Therefore, the total demurrage due to Plaintiff is $75,254.96.

2

11. The Vessel was arrested for a shortage of cargo by the cargo receiver in Monrovia on June 10, 2006. In order to obtain the Vessel's release, the registered owner of the Vessel negotiated a settlement with the cargo receiver in the amount of $40,000.00. Pursuant to the charter agreement between the owner and Plaintiff, Plaintiff indemnified the owner for the cargo receiver's claim in the amount of $22,500.00. Plaintiff incurred additional legal costs and expenses of $13,358.83 (£6,697.50 x 1.9946 @ July 14, 2008 exchange rate) in concluding the settlement with the owner of the Vessel.

12. The arrest of the Vessel ran from the completion of discharge on June 10, 2006 at 9:45 p.m. until the Vessel was able to sail on June 18, 2006 at 9:40 a.m. Therefore, Defendant is liable to Plaintiff for detention of 7.496526 days, at the market (demurrage) rate of $8,000.00 per day. Therefore, the total due from Defendant to Plaintiff for the Vessel's detention is $59,972.21.

13. Despite due demand therefor, Defendant has refused to pay the sums listed above, for which Defendant is liable.

14. The parties have commenced court proceedings in London.

15. This action is in aid of said London court proceedings. Plaintiff seeks to obtain adequate security to satisfy a potential judgment in Plaintiff's favor.

16. Pursuant to Orders of the English High Court of Justice, dated May 13 and 14, 2008, Defendant has placed into Plaintiff's solicitor's client account funds equivalent to $110,000.00, as partial security toward an eventual judgment in Plaintiff's favor.

17. In addition to recovering the principal amount due Plaintiff pursuant to the Charterparty, Plaintiff also fully anticipates recovering interest, costs and attorneys' fees, which are routinely awarded to the prevailing party in London proceedings. As best as can now be

estimated, Plaintiff expects to recover the following amounts in the London court proceedings:

|   |   |   |
|---|---|---|
| a. | On the principal claim | $171,086.00 |
| b. | 3 years of interest at 6% per annum, compounded quarterly | $33,467.53 |
| c. | Costs (attorneys' fees etc.) | $130,000.00 |
|   | Subtotal | $334,553.53 |
|   | Security Credit | - $110,000.00 |
|   | TOTAL | $224,553.53 |

18. Upon information and belief, Defendant cannot be found within the District, within the meaning of Supplemental Rule B of the Federal Rules Civil Procedure, but is believed to have or will have during the pendency of this action assets within this District, specifically including cash, funds, freight, hire, accounts and other property, in the hands of garnishees in the District including, but not limited to, American Express Bank, Ltd.; ABN-AMRO Bank; Bank of Tokyo Mitsubishi UFJ Ltd.; Barclays Bank; Calyon; Standard Chartered PLC; HSBC Bank; Bank of America; BNP New York; Bank of New York; J.P. Morgan Chase; Deutsche Bank; Citibank; Mashreq Bank; Bank of China; UBS AG; and Wachovia Bank, which are believed to be due and owing to the Defendant.

Plaintiff prays:

A. That process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B. That because the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of the Court to issue Process of Attachment and Garnishment, pursuant to

Rule B of the Supplemental Admiralty Rules, attaching all cash, goods, chattels, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee, including American Express Bank, Ltd.; ABN-AMRO Bank; Bank of Tokyo Mitsubishi UFJ Ltd.; Barclays Bank; Calyon; Standard Chartered PLC; HSBC Bank; Bank of America; BNP New York; Bank of New York; J.P. Morgan Chase; Deutsche Bank; Citibank; Mashreq Bank; Bank of China; UBS AG; and Wachovia Bank, which are due and owing to the Defendant, in the amount of $224,553.53, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B, answer the matters alleged;

C. That this action be stayed and this Court retain jurisdiction over this matter through the entry of any judgment or award, and any appeals thereof; and

D. That Plaintiff have such other, further and different relief as this Court may deem just and proper.

Dated: New York, New York
July 17, 2008

> BROWN GAVALAS & FROMM LLP
> Attorneys for Plaintiff
> TRANSMARINE BSS LIMITED
>
> By: _____
> Peter Skoufalos (PS- 0105)
> 355 Lexington Avenue
> New York, New York 10017
> 212-983-8500

## VERIFICATION

STATE OF NEW YORK    )
                     : ss.:
COUNTY OF NEW YORK   )

PETER SKOUFALOS, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Brown Gavalas & Fromm LLP, attorneys for Plaintiff.

2. I have read the foregoing Verified Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

PETER SKOUFALOS

Sworn to before me this
17th day of July 2008

_____
Notary Public

EVAN B. RUDNICKI
Notary Public of the State of New York
No. 02RU6142314
Qualified in Rockland County
Term Expires March 13, 2010

6